**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GINO ROMANO,

        Plaintiff,

vs.                                         Case No:  6:12-cv-908-Orl-37KRS

KIM KARDASHIAN, et al.,

        Defendants.

**ORDER**

This cause is before the Court on Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 1), filed June 15, 2012.  The Court denies the Motion as patently frivolous, for failing to allege the Court's jurisdiction, and for failing to pay the filing fee.

Petitioner contends he was "terrorized" on the Tower of Terror ride at Disney's MGM Studios theme park in Orlando, Florida.  Petitioner's "terror" was not, however, what Disney had in mind when it designed and built the Tower of Terror ride.  The Tower of Terror is a drop tower thrill ride which borrows liberally from the television show *The Twilight Zone* to set the ride's ambiance and scenes.  The ride itself is revolutionary—it employs special self-propelled vehicles which independently move in and out of the ride elevators and drop shafts.  The ride induces "terror" in its riders by (as one might guess) dropping the vehicles from a great height.

Instead of this kind of terror, Petitioner contends he faced "imminent danger and bodily harm" from the Kardashian Defendants and Defendant Kris Jenner.  According to Petitioner, just before the vehicle in which he was riding dropped, he was startled when

one of the Kardashian Defendants whispered in his ear.  Another Kardashian Defendant then "tasered" him as the vehicle was dropping.  Petitioner contends he suffered a seizure and (presumably after the ride had ended or at least after the vehicle stopped dropping) ran away.  Unfortunately, he ran straight into yet another Kardashian Defendant, who could not only run faster than Petitioner but had enough time after doing so to don a Sumo Wrestler suit as well.  The Kardashians then stole his wallet and Rolex watch.  Petitioner advises the Court he anticipates visiting the Universal Studios theme park in Orlando, Florida, within the next few weeks, and does not "want to be attacked by the Kardashians on [the] Batman or Transformers" rides.

While it may be plausible that more than a few people would be terrorized if they found themselves trapped in the Tower of Terror ride with the Kardashians, the Court concludes the Motion is frivolous.  The allegations consist of what appear to be delusions related to Petitioner's fear and apprehension of the Kardashians.  He does not attempt to set out an actionable claim and, indeed, does not do so.[1]  Petitioner provides no basis for this Court's jurisdiction, and the Court finds none.[2]  Finally, the docket reflects Petitioner did not pay the filing fee.[3]

Petitioner is free to enjoy the theme parks in the greater Orlando area; however,

---

[1]  Fantastic or delusional scenarios are, according to the Supreme Court, examples of clearly baseless allegations. *Cf. Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (discussing such allegations in the context of *in forma pauperis* applications).

[2]  Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case.  *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  "[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Further, the party asserting federal subject matter jurisdiction bears the burden of proving its existence.  *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247.

[3]  *See, e.g.*, *Castro v. FDIC*, 449 F. App'x 786 (11th Cir. 2011).

2


the Court invites him to do so without filing another frivolous lawsuit, regardless of whether the Kardashians join him on the rides.

For these reasons, it is hereby **ORDERED AND ADJUGDED**:

1. Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 1) is **DENIED**.  This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 15, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record